FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN B., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, <br> Commissioner of Social Security,[1] <br><br> Defendant. | No. 1:24-CV-03060-JAG <br><br> ORDER REMANDING <br> FOR BENEFITS |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 10, 13. Attorney D. James Tree represents Kevin B. (Plaintiff); Special Assistant United States Attorney Thomas Chandler represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3. After reviewing the administrative record and briefs filed by the parties, the Court grants the relief Plaintiff requests, ECF No. 10, and **REMANDS** the matter to the Commissioner for the calculation of benefits, pursuant to 42 U.S.C. § 405(g).

### I.    JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on March 22, 2018, alleging disability since August 1, 2018, due to diabetes, lung abscess,

---

[1] Frank Bisignano became the Commissioner of Social Security May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit. *See* 42 U.S.C. § 405(g).

thyroid conditions, mental health issues, anxiety issues, joint problems, breathing problems, low vision, depression and bipolar. Tr. 71, 170, 974. Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). Tr. 105, 113. ALJ Chris Stuber held a hearing on April 21, 2020, Tr. 15, and issued an unfavorable decision on May 14, 2020. Tr. 28. The Appeals Council denied review. Tr. 1. Plaintiff appealed to this Court. *See* 1:20-CV-03169-JAG. This Court found that the ALJ's decision with respect to assessment of Plaintiff's subjective complaints and some of the opinion evidence was not supported by substantial evidence. ECF No. 21 (1:20-CV-03169-JAG). The Court remanded, ordering that the ALJ reevaluate Plaintiff's subjective complaints and the record as a whole and again complete the five-step process.

The Appeals Counsel vacated the hearing decision and remanded for further proceedings consistent with this Court's order. Tr. 943. ALJ Allen Erickson held a telephonic hearing on November 2, 2023. Daniel LaBrosse, a vocational expert, testified during the hearing in addition to Plaintiff. ALJ Erickson issued an unfavorable opinion. Tr. 961. The Appeals Council did not assume jurisdiction of the case, making the ALJ's February 14, 2024, decision the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Tr. 938-967. Plaintiff filed this action for judicial review on April 24, 2024. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born in 1972 and was in his mid-40s on the alleged onset date. Tr. 70. He has a high school education and a work history in metal fabrication. Tr. 539.

### III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is

met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

Following remand, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 961

At **step one**, ALJ Erickson found that Plaintiff had not engaged in substantial gainful activity from the date of his amended onset date of August 2, 2018, through his date of last insured of December 31, 2023. Tr. 946.

At **step two**, ALJ Erickson found Plaintiff had the severe impairments of ulcerative colitis, chronic obstructive pulmonary disease (COPD), methamphetamine use disorder, post-traumatic stress disorder (PTSD), and major depressive disorder. Tr. 946.

At **step three**, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 947.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform light work, with the following limitations:

> [Plaintiff] could occasionally climb ladders, ropes and scaffolds; could occasionally crawl; could have occasional exposure to vibration and

> extreme cold temperatures; required ready access to bathroom facilities (within 150 feet of the work station); could have occasional exposure to concentrated levels of dust, fumes, gases, poor ventilation, and other respiratory irritants; could understand, remember, and apply detailed, but not complex, instructions; could perform predictable tasks; could not work in a fast-paced, production type environment; could have occasional exposure to workplace changes; and could have occasional interaction with the general public, coworkers, and supervisors, but could not perform team-oriented activity.

Tr. 949.

At *step four*, the ALJ found that Plaintiff could not perform past relevant work as a production manager or metal fabricator/machinist. Tr. 959.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of small products assembler, marker II, and routing clerk. Tr. 960

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 961.

## VI.   ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that the ALJ erred by improperly assessing Plaintiff's testimony and not property assessing medical opinions.

## VII.   DISCUSSION

A.   **Symptom Claims**.

Plaintiff contends the ALJ failed to properly assess Plaintiff's symptom complaints. ECF No. 7 at 14-21. It is the province of the ALJ to make

determinations regarding a claimant's subjective statements. *Andrews,* 53 F.3d at 1039. The ALJ's findings, however, must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Ultimately, the 'clear and convincing' standard requires an ALJ to show [their] work[.]"). "Thus, to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony." *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original).

Additionally, the law of the case doctrine applies in the Social Security context. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Under the law of the case doctrine, a court is precluded from revisiting issues which have been decided—either explicitly or implicitly—in a previous decision of the same court or a higher court. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). The doctrine of the law of the case "is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at 567.

ORDER REMANDING FOR BENEFITS - 6

Here, this Court previously remanded the case, finding the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's symptom reports in the 2020 decision. Tr. 1044-1049. This Court remanded the case for further administrative proceedings to reconsider Plaintiff's subjective testimony. Tr. 1056. In the previous remand order, this Court noted that the ALJ had determined Plaintiff's subjective complaints were unsupported by the objective evidence of record and undermined by evidence of his failure to follow treatment recommendations, his substance use and conflicting statements about substance use, and his activities. Tr. 1044–1059. This Court explained, however, that the ALJ's prior decision lacked sufficient detail and failed to include the whole record when citing the evidence that undermines claimant's complaints, failed to consider any explanations for Plaintiff's level of engagement with treatment, failed to indicate how Plaintiff's other substance use undermined his allegations of disabling symptoms, and failed to identify any activities that were inconsistent with Plaintiff's reports. Tr. 1044–1059. This Court ordered the ALJ on remand to reevaluate Plaintiff's subjective complaints. Tr. 1056.

Though the 2024 ALJ heard additional testimony regarding Plaintiff's subjective complaints, the ALJ did not address Plaintiff's need for regular breaks due to ongoing medical issues. Regarding the ulcerative colitis, the 2024 discounted Plaintiff's complaints because the ALJ found that it was under reasonable control after treatment, including infusions. Tr. 951. However, the records the 2024 ALJ cited do not support this finding. The ALJ noted records reflecting improvement in October 2018, Tr. 951, and continued improvement in January 2019, but Plaintiff underwent infusions in the Spring of 2019 due to lack of response to other treatments. Tr. 815. The ALJ noted that following infusions Plaintiff was asymptomatic according to treatment notes, Tr. 951, but in September 2019 Plaintiff reported pain of 7/10 and loose stool 2–3 times daily. Tr. 825. The

ORDER REMANDING FOR BENEFITS - 7

record reflects that a clinician recognized clinical remission in late 2022 but ordered continued infusions and recognized ongoing pain and intermittent constipation. Tr. 1273. This is consistent with Plaintiff's testimony that he has pain from constipation, which can be alleviated when he takes laxatives but the laxatives cause frequent bathroom visits. Tr. 984–85. The ALJ did not make a finding that these symptoms were inaccurate or belied by the record. However, the 2024 ALJ failed to address the effects of pain or frequent bathroom visits when forming a hypothetical for the vocational expert.

Regarding Plaintiff's COPD, the ALJ acknowledged ongoing treatment for COPD but failed to account for the breaks needed for nebulizer treatments which Plaintiff testified were needed on an ongoing basis. Tr. 988. The ALJ failed to address Plaintiff's testimony regarding nebulizer treatments at all, therefore provided no basis for discounting Plaintiff's testimony. Tr. 951 – 52.

On this record, the ALJ's analysis is insufficient, constitutes a failure to follow the prior remand order of this Court and the misstates the evidence concerning Plaintiff's ulcerative colitis and treatment for this condition, despite two opportunities to review the medical evidence. Though the ALJ failed to address the need for frequent bathroom breaks, when queried by plaintiff's counsel, the VE opined that based on Plaintiff's testimony regarding the need for frequent bathroom and nebulizer breaks, Plaintiff would be unable to work. Tr. 1006-07. The ALJ failed to provide a rational basis for discounting Plaintiff's testimony regarding the need for frequent bathroom breaks as well as occasional breaks for using the nebulizer. The VE testified that a person taking breaks, 15 to 20 minutes at a time, 4–6 times a day would not be able to sustain employment in any field. Tr. 1007

ALJ also found Plaintiff's activities of daily living were consistent with his ability to perform work within the RFC. Tr. 953. The ALJ may consider a

claimant's activities that undermine reported symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Molina v. Astrue,* 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a). Here, the ALJ noted that Plaintiff "is able to take care of his personal needs without problems, perform household chores such as laundry and dishes, prepare simple meals and take care of his pets." Tr. 953. The ALJ provides no discussion or analysis of such activities, however, and none appear inconsistent with Plaintiff's allegations of frequent need to use the restroom, occasional fecal incontinence, and other symptoms preventing him from working a full-time job during. *Id*. Without further analysis, the ALJ's conclusion that Plaintiff's activities did not support his allegations of disabling symptoms is not supported by substantial evidence and this was also not a clear and convincing reason to discount Plaintiff's symptom claims.

As discussed in the prior remand order, objective evidence cannot stand alone as a reason to reject symptom reports. *See* Tr. 1049. Here, the ALJ recycled reasons and analysis already discounted by this Court and failed to provide any new clear and convincing reasons supported to substantial evidence to discount Plaintiff's symptom claims. Accordingly, the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's claim and the ALJ erred as he failed to discuss new evidence received at the hearing, failed to account for the updated testimony of Plaintiff, and failed to address Plaintiff's need for frequent breaks. The multiple errors result in a misstatement/mischaracterization of the record. Consequently, the ALJ failed to follow the remand order of this Court, which ordered the ALJ to reconsider the

testimony of Plaintiff (and to reperform the sequential analysis, including the step five analysis,) with updated vocational expert testimony.

Defendant argues that the ALJ's opinion is supported by substantial evidence but does not address the ALJ's failure to address Plaintiff's testimony regarding the need for frequent breaks. Instead, Defendant also relies on the ALJ's failure to credit the Plaintiff's or the VE's testimony.

Ultimately, the ALJ's incomplete summary of the evidence, implicit misstatement of the record, and conclusory statements also fail to meet the burden of "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo v. Berryhill*, 871 F.3d 644, 675 (9th Cir. 2017) (internal citations omitted). Accordingly, the ALJ's characterization of the record is not supported by substantial evidence.

## VIII. REMAND FOR BENEFITS

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). The Court previously remanded to fully develop the record. Further administrative proceedings would serve no useful purpose as the record is complete and the vocational expert testified that no jobs that would tolerate Plaintiff's need for frequent breaks due to his symptoms of ulcerative colitis and COPD. Therefore, remand for an immediate calculation of benefits is the proper remedy, and the Court finds it unnecessary to address the remainder of Plaintiff's assignments of error.

## IX. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence. Accordingly, **IT IS ORDERED**:

1. Plaintiff's request to remand for benefits in the Opening Brief, ECF No. 10 is **GRANTED**.

2. Defendant's request to affirm the ALJ's decision in the Commissioner's Brief, ECF No. 13 is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED September 30, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER REMANDING FOR BENEFITS - 11